UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND,<br>1750 New York Avenue, NW<br>Washington, DC 20006<br><br>and<br><br>JOHN KERR,<br>Ohio Valley Steel Company<br>1721 Wetzel Street<br>Post Office Box 911<br>Wheeling, WV 26003<br><br>and<br><br>ANTHONY WALENCIK,<br>International Association of Iron Workers<br>1750 New York Avenue, N.W. Suite 400<br>Washington, D.C. 20006-5301<br><br>and<br><br>JAMES R. KING,<br>3708 46th Avenue, South<br>Minneapolis, MN 55406<br><br>and<br><br>TIMOTHY F. O'CONNELL,<br>The Bilco Company<br>Post Office Box 1203<br>New Haven, CT 06505<br><br>and<br><br>RONALD T. BRUCE,<br>Builders Steel Company<br>Box #12538<br>Kansas City, MO 64116<br><br>      Plaintiffs,<br><br>    v. | Civil Action No. _____ |

```
GEORG FISCHER DISA, INC. d/b/a      )
DISA INDUSTRIES, INC.               )
     80 Kendall Point Drive         )
     Oswego, Illinois 60543         )
                                    )
                    Defendant.      )
                                    )
Serve: Michael Lewis, President     )
       Georg Fischer Disa, Inc. d/b/a )
       Disa Industries, Inc.        )
       80 Kendall Point Drive       )
       Oswego, Illinois 60543       )
                                    )
```

## COMPLAINT
## (FOR FAILURE TO PAY WITHDRAWAL LIABILITY)

Plaintiffs, by counsel, hereby complain of Defendant as follows:

1. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act (29 U.S.C. §185), and Sections 502 and 515 of the Employee Retirement Income Security Act, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §1132 and §1145) and 28 U.S.C. §1331.

2. Plaintiff, National Shopmen Pension Fund (hereinafter the "Fund"), is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. §186(c)). Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Plaintiffs, Walencik, Kerr, King, O'Connell, and Bruce, are Trustees of the Fund. The Fund is administered in the District of Columbia.

## Introduction

3.     This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. Plaintiffs seek a judgment awarding withdrawal liability owed the Fund, interest on the delinquent withdrawal liability payments, liquidated damages, attorneys' fees and costs.

4.     This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c). Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Fund is administered at its principal place of business in the District of Columbia.

## Parties

5.     Plaintiffs are comprised of individual trustees who are "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Trustees administer the Fund at 1750 New York Avenue, N.W., Washington, DC 20006-5301. Pursuant to Sections 502(a)(3), 4221(b)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1401(b)(1), and 1451(a)(1), Plaintiffs are authorized to bring this action on behalf of the Fund, its participants, and beneficiaries.

6.     Defendant, Georg Fischer Disa, Inc. d/b/a Disa Industries, Inc. ("Defendant"), is an employer in an industry affecting commerce within the meaning of Sections 3(5) of the

Employee Retirement Income Security Act of 1974 (29 U.S.C. Sec. 1002(5)), and the Labor Management Relations Act of 1947 (29 U.S.C. Sec. 151 et seq.).

7. Defendant is a corporation organized under the laws of Illinois, with a principal office located at 80 Kendall Point Drive, Oswego, Illinois 60543. Defendant and Shopmen's Local Union No. 508 of the International Association of Bridge, Structural and Ornamental Iron Workers (affiliated with AFL-CIO) (hereinafter "Union" or "Local 508") were parties to and were bound by successive collective bargaining agreements requiring contributions to the Fund for employees covered thereby.

### Count I: Claim by Plaintiff National Shopmen Pension Fund against Defendant for Withdrawal Liability

8. The allegations contained in paragraphs 1 through 7 are incorporated herein by reference.

9. ERISA, §§ 4201-4225, 29 U.S.C. §§ 1381 - 1461 establishes withdrawal liability for multiemployer plans. ERISA, § 4201, 29 U.S.C. § 1381, establishes that if an employer withdraws from a multiemployer plan then the employer is liable to the plan for the amount determined to be withdrawal liability.

10. On or about December 2001, Defendant effected a "complete withdrawal" from the Fund within the meaning of ERISA § 4203(a), 29.U.S.C. §1383(a).

11. Section 4201 of ERISA and the Fund's Rules and Regulations require that withdrawal liability be assessed by the Fund against contributing employers who withdrew from it after April 28, 1980 (29 U.S.C. § 1381).

12. Withdrawal liability is determined by allocating a portion of the Fund's unfunded vested benefits to the withdrawing employer pursuant to one of the methods authorized by

ERISA. The Trustees of the Fund have adopted the "attributable rule" for determining withdrawal liability, which is set forth in ERISA § 4211(c)(4) (29 U.S.C. §1391(c)(4)).

13. The Fund's actuarial consultants, the Segal Company, calculated the withdrawal liability of Defendant.

14. By letter to Defendant, dated June 21, 2006, the Fund Administrator notified Defendant of their withdrawal liability to the Fund in the amount of $372,472.00 and established a schedule for the payment of withdrawal liability, with interest on that payment, as required by ERISA Section 4219 (29 U.S.C. § 1399). That schedule provided that Defendant pay $652.00 per month for 240 months resulting in a total payment of $127,761.00, the twenty-year repayment plan limit under ERISA Section 4219 (c)(1)(B). The first payment was due on July 16, 2006.

15. By letters dated January 24, 2007 and February 15, 2007, Fund Counsel notified Defendant's counsel of an error made in calculating the adjusted monthly payment and advised Defendant to pay $978.00 per month instead of $652.00 and to make a lump-sum payment in the amount of $1,956.00 representing the underpaid amounts for the prior six months. The letters advised Defendant's counsel to instruct Defendant to increase its monthly withdrawal liability payments due to the Fund in accordance to the statutory payment schedule.

16. Defendant has continued to pay the $652.00 monthly amount.

17. The full amount of delinquent withdrawal liability payments as of the date of this filing is $6,194.

18. Under ERISA §§ 502, 515, 4221(d) and 4301(b) (29 U.S.C. §§ 1132, 1145 and 1401(d), 1451(b)) and the Rules and Regulations Defendant is liable for interest on the delinquent amount at the rate prescribed by Section 6621 of the Internal Revenue Code from the

date due until date paid, liquidated damages equal to 20% of the withdrawal liability, and attorneys' fees and costs.

### Prayer for Relief

WHEREFORE, Plaintiffs pray for the following relief against Defendant:

a)   Judgment in the full amount of withdrawal liability owed the Fund;

b)   Interest on the delinquent withdrawal liability payments at the rate prescribed by Section 6621 of the Internal Revenue Code;

c)   Liquidated damages in the amount of 20% of the delinquent amount;

d)   An award of attorneys' fees and costs of collection incurred in connection with collection of the delinquent withdrawal liability; and

e)   Such other and further relief as this Court deems appropriate.

Dated: 1/23/08

Respectfully submitted,

Marc H. Rifkind, Esq. (D.C. Bar No. 416183)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC 20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)

Counsel for Plaintiffs

86458v1

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**
National Shopmen Pension Fund, et al.
11001

**DEFENDANTS**
Georg Fischer Disa, Inc. d/b/a Disa Industries, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   District of Columbia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Marc H. Rifkind, Esq.
Slevin & Hart, P.C.,
1625 Massachusetts Ave. NW, Ste. 450
Washington, DC 20036 (202)797-8700

ATTORNEYS

Case: 1:08-cv-00132
Assigned To : Lamberth, Royce C.
Assign. Date : 1/23/2008
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**A. Antitrust**
- 410 Antitrust

**B. Personal Injury/Malpractice**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Medical Malpractice
- 365 Product Liability
- 368 Asbestos Product Liability

**C. Administrative Agency Review**
- 151 Medicare Act

Social Security:
- 861 HIA ((1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g)
- 864 SSID Title XVI
- 865 RSI (405(g)

Other Statutes
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 890 Other Statutory Actions (If Administrative Agency is Involved)

**D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**E. General Civil (Other)** OR **F. Pro Se General Civil**

Real Property
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent, Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

Personal Property
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

Bankruptcy
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

Prisoner Petitions
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

Property Rights
- 820 Copyrights
- 830 Patent
- 840 Trademark

Federal Tax Suits
- 870 Taxes (US plaintiff or defendant
- 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- 610 Agriculture
- 620 Other Food &Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 RR & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

Other Statutes
- 400 State Reapportionment
- 430 Banks & Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation

- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Satellite TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 900 Appeal of fee determination under equal access to Justice
- 950 Constitutionality of State Statutes
- 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ⊚ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊚ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001et.seq (1982); Monies Due and Injunctive Relief

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/23/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.