## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
NATIONAL SHOPMEN PENSION                  )
FUND, et al.                              )
                        Plaintiffs,       )
            v.                            )
                                          )        Civil Action No. 08-CV-0132 (RCL)
GEORG FISCHER DISA d/b/a                  )
DISA INDUSTRIES, INC.,                    )
                                          )
                        Defendant.        )
                                          )
_____)

## JOINT REPORT UNDER LOCAL CIVIL RULE 16.3
## AND PROPOSED SCHEDULING ORDER

Pursuant to the rules of this Court, counsel in the above-styled matter held the required conference over the telephone and submit this report regarding the issues discussed in that conference.  A proposed Scheduling Order is attached.

### I.    STATEMENT OF THE CASE

PLAINTIFFS' CONTENTIONS:    This is an action brought by Plaintiffs, the National Shopmen Pension Fund and its Trustees (the "Fund") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 et seq. to collect delinquent withdrawal liability payments owed to the Fund, interest on the delinquent withdrawal liability payments, liquidated damages, and attorneys' fees and costs.  The Fund is a joint labor-management pension fund established pursuant to Section 302 of the Labor Management Relations Act (29 U.S.C. § 186(c)).  The Fund's purpose is to provide pension, retirement and related benefits to the eligible employees of employers who

contribute to the Fund pursuant to various collective bargaining agreements with Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO.

On or about December 2001, Defendant effected a "complete withdrawal" from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a). Section 4201 of ERISA requires that withdrawal liability be assessed by the Fund against contributing employers who withdraw from Funds after April 28, 1980. (29 U.S.C. § 1381). The Fund's actuarial consultants, the Segal Company, calculated the withdrawal liability of Defendant, and by letter to Defendant dated June 21, 2006, the Fund Administrator notified Defendant of its withdrawal liability to the Fund in the amount of $372,472.00 and established a schedule for the payment of withdrawal liability, with interest on that payment, as required by ERISA Section 4219 (29 U.S.C. § 1399). That schedule provided that Defendant pay $652.00 per month for 240 months resulting in a total payment of $127,761.00, the twenty-year repayment plan limit under ERISA Section 4219 (c)(1)(B). The first payment was due on July 16, 2006.

By letters dated January 24, 2007 and February 15, 2007, Fund Counsel notified Defendant's counsel of an error made in calculating the adjusted monthly payment and advised Defendant to pay $978.00 per month instead of $652.00 and to make a lump-sum payment in the amount of $1,956.00 representing the underpaid amounts for the prior six months. The letters advised Defendant's counsel to instruct Defendant to increase its monthly withdrawal liability payments due to the Fund in accordance to the statutory payment schedule.

Defendant has continued to pay the $652.00 monthly amount.  Accordingly, as of April 22, 2008, Defendant owed a balance of $7,172.00 on its withdrawal liability payments.  With accrued interest and liquidated damages, Defendant currently owes $13,740.94.

DEFENDANT'S CONTENTIONS: Plaintiff's claim for increased withdrawal liability payments from Defendant DISA Industries, Inc. ("DISA") lacks legal support and consequently cannot proceed.  Defendant was a party to a collective bargaining agreement  with Shopman's Local Union No. 508 of the International Association of Bridge, Structural and Ornamental Iron Worker's ("Union").  As part of this agreement, Defendant was required to make contributions for the two years of 2000 and 2001 to a multiemployer pension fund managed by Plaintiffs ("Fund").  These two years comprise the only years during which Defendant was required to make any such contributions.  In 2001, following the closing of the Michigan facility at which Union members worked, Defendant withdrew from the Fund.

In 2006, nearly five years after Defendant withdrew from the Fund, Plaintiffs first notified Defendant that it owed withdrawal liability pursuant to Section 4219 of ERISA (29 U.S.C. § 1399) in the amount of $372,472.00.  Consistent with the twenty year repayment limit of Section 4219(c)(1)(B) of ERISA, Defendant's liability, in its entirety, was therefore $127,761.00.  Thus, Plaintiff established a schedule requiring Defendant to pay $652.00 per month, and no more, for 240 months.

Defendant has timely paid and continues to timely make its payments of $652.00 each month.  Despite this, Plaintiffs' attorney sent Defendant a letter on January 24, 2007, in which he claimed that Plaintiffs made an "error" when calculating Defendant's

withdrawal liability.  Without further explanation, Plaintiff demanded that that Defendant increase its monthly payments to $978.00 and also make an immediate lump-sum payment of $1,956.00.   On February 7, 2007, counsel for Defendant sent Plaintiff's counsel a letter requesting the basis for Plaintiff's sudden demand.  Plaintiff's counsel, however, did not respond to Defendant's inquiries nor provide any source of law authorizing it to suddenly seek increased withdrawal liability payments.  Instead, Plaintiff merely stated that it made a "transposition error". This claim is a false misrepresentation of what actually occurred. Plaintiff's own documents reveal that this was NOT merely a "transposition error" as falsely claimed, but a change in legal position . There is no statutory authority for Plaintiff to change its position once the determination of liability has been made. In addition, the position now maintained by Plaintiff is in irreconcilable conflict with the clear and unambiguous language of applicable and binding federal law. Plaintiff did not engage in any further correspondence with Defendant regarding the matter, and raised the issue again for the first time with the filing of the instant Complaint.  Plaintiff's attempt to subject Defendant to additional withdrawal liability therefore remains baseless.  Plaintiff is bound by its initial determination of Defendant's withdrawal liability as a matter of law and equity, and, consequently, Defendant owes no additional payments beyond the $652.00 monthly payments established in Plaintiff's initial schedule.

## II.    RULE 16.3 REPORT

1.    Status of Dispositive Motions: The parties believe that this case can be resolved through dispositive motions, without the need for discovery.  Accordingly, in the attached proposed scheduling order the parties have agreed to and propose a briefing schedule for dispositive cross-motions.

2.    Amended Pleadings/Agreement Narrowing Issues: The parties do not foresee any need to amend the pleadings at this time.  The parties believe that it is possible that some of the factual issues and legal issues can be agreed upon or narrowed.

3.    Assignment to Magistrate Judge: The parties do not consent to assignment of a magistrate judge for all purposes.

4.     Settlement Possibility: The parties do not believe that there is a realistic possibility of settlement.

5.     Alternative Dispute Procedures: At this time the parties do not believe that alternative dispute resolution would be beneficial.

6.     Dispositive Motions:  The parties propose that cross-dispositive motions be filed on or before May 30, 2008; that responses to the motions be filed on or before June 20, 2008, and that replies be filed by June 30, 2008.

7.     Initial Disclosures: The parties agree to waive initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

8.    Discovery: The parties do not believe that any discovery is necessary.

9.     Experts: The parties do not anticipate the need for expert testimony in this case.

10.    Class Action Procedures: Not applicable.

11.    Bifurcation: Plaintiffs do not believe that bifurcation of any portion of this action is necessary.

12.    Proposed Date for Pretrial Conference: In light of the dispositive motions schedule, the parties do not believe that that a pretrial conference will be necessary.

13.    Trial Date: The parties do not believe that a trial will be necessary.

14.    Other Matters: The parties do not believe that there are other matters appropriate for inclusion in the scheduling order.

Respectfully submitted,

/s/  Marc Rifkind
Marc Rifkind, Esq. (D.C. Bar No. 416183)
Jeffrey S. Swyers (D.C. Bar No. 494290)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC   20036
202-797-8700  (Telephone)
202-234-8231  (Facsimile)

Counsel for Plaintiffs


/s/
William G. Miossi (Bar No. 445265)
Winston & Strawn LLP
1700 K St., NW
Washington, D.C. 20006
(202) 282-5000
(202) 282-5100 (fax)

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
NATIONAL SHOPMEN PENSION             )
FUND, et al.                         )
                    Plaintiffs,      )
            v.                       )
                                     )    Civil Action No. 08-CV-0132 (RCL)
GEORG FISCHER DISA d/b/a             )
DISA INDUSTRIES, INC.,               )
                                     )
                    Defendant.       )
                                     )
_____)

## <u>INITIAL SCHEDULING ORDER</u>

The Parties submit that the case should be disposed of on dispositive motions, and that there is no need for discovery.  Accordingly, the Court sets the following briefing schedule for dispositive motions:

-    Dispositive Motions are to be filed on or before May 30, 2008.

-    Responses to Dispositive Motions are to be filed on or before on or before June 20, 2008.

-    Replies are to be filed by June 30, 2008.

SO ORDERED this _____ day of _____, 2008.

_____
ROYCE C. LAMBERTH
United States District Judge