**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| NATIONAL SHOPMEN PENSION | ) |
| FUND, et al. | ) |
| Plaintiffs, | ) |
| v. | ) |
|  | ) |
| GEORG FISCHER DISA d/b/a | ) |
| DISA INDUSTRIES, INC., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Civil Action No. 08-CV-0132 (RCL)

_____)

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs, the National Shopmen Pension Fund and its Board of Trustees (hereinafter the "Fund"), hereby move this Court, pursuant to Federal Rule of Civil Procedure 56, for the entry of summary judgment in their favor and against the Defendant, Georg Fischer Disa d/b/a Disa Industries, Inc. in the amount of the delinquent monthly withdrawal liability payments owed to the Fund, interest on the delinquent monthly withdrawal liability payments at the rate prescribed by Section 6621 of the Internal Revenue Code, liquidated damages in the amount of 20% of the delinquent amounts, and the Fund's reasonable attorneys fees and costs in this action, plus any amounts that become due and owing prior to the entry of judgment in this case. In support of this motion, Plaintiffs file concurrently herewith its Statement of Undisputed Material Facts, its Statement of Points and Authorities, the Declaration of A.H. Higgs, Jr., and the Declaration of Marc H. Rifkind, Esq. A proposed order granting the motion is included herewith.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter summary judgment in their favor and against the Defendant in the amount of $7,498.00 for delinquent monthly withdrawal liability payments owed to the Fund through May, 2008, prejudgment interest in the amount of $3,519.51, liquidated damages in the amount of $1,499.60, the Fund's reasonable attorneys fees and costs of this action, plus any amounts that become due and owing prior to the entry of judgment in this case.

Respectfully submitted,

/s/ Marc Rifkind

_____
Marc Rifkind, Esq. (D.C. Bar No. 416183)
Jeffrey S. Swyers (D.C. Bar No. 454290)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC   20036
202-797-8700  (Telephone)
202-234-8231  (Facsimile)

Counsel for Plaintiffs

**<u>Certificate of Service</u>**

I certify that on this 30th day of May, 2008, I caused the foregoing Plaintiffs' Motion for Summary Judgment, Plaintiffs' Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment, Plaintiffs' Statement of Points and Authorities in Support of Their Motion For Summary Judgment, the Declaration of A.H. Higgs, Jr., and the Declaration of Marc H. Rifkind, Esq. to be served to the party listed below, electronically, via the U.S. District Court District of Columbia's CM/ECF system:

William G. Miossi
WINSTON & STRAWN
1700 K Street, NW
Washington, DC 20006
(202) 282-5000
Fax: (202) 371-5950
Email:  wmiossi@winston.com

Attorney for Defendant

<u>/s/ Marc H. Rifkind</u>
Marc H. Rifkind

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
NATIONAL SHOPMEN PENSION )
FUND, et al. )
     Plaintiffs, )
   v. )
)   Civil Action No. 08-CV-0132 (RCL)
GEORG FISCHER DISA d/b/a )
DISA INDUSTRIES, INC., )
)
     Defendant. )
)
_____)

### STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

  Plaintiffs, the National Shopmen Pension Fund and its Board of Trustees (hereinafter the "Fund"), hereby submit the following Statement of Undisputed Material Facts in support of the Fund's Motion for Summary Judgment.

  The following facts are undisputed:

  1.  The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c). Its purpose is to provide pension, retirement, and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Declaration of A.H. Higgs, Jr. ("Higgs Dec.") ¶ 4.

  2.  The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of the Employee Retirement Income Security Act of 1974, as

amended by the Multiemployer Pension Plan Amendments of 1980, 29 U.S.C. §§ 1001 et seq. ("ERISA").  Higgs Dec. ¶ 5.

3.      The individual Plaintiff Trustees are "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).  Higgs Dec. ¶ 6.

4.      The Trustees administer the Fund at 1750 New York Avenue, N.W., Washington, D.C. 20006-5301.  Higgs Dec. ¶ 7.

5.      Defendant, Georg Fischer Disa, Inc. d/b/a Disa Industries, Inc. ("Defendant"), is an employer in an industry affecting commerce within the meaning of Sections 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of the LMRA. Defendant's Answer ¶ 6.

6.      Defendant was a party to a collective bargaining agreement with Shopmen's Local Union No. 508 of the International Association of Bridge, Structural and Ornamental Iron Workers which required Defendant to make contributions to the Fund for the years 2001 and 2002.  Defendant's Answer ¶ 7.

7.      ERISA Sections 4201 through 4225, 29 U.S.C. §§ 1381-1461, establish withdrawal liability for multiemployer plans.  ERISA Section 4201, 29 U.S.C. 1381, establishes that if an employer withdrawals from a multiemployer plan then the employer is liable for the amount determined to be the withdrawal liability.  Defendant's Answer ¶ 9.

8.    The Fund made a determination that on or about December 2001, Defendant effected a "complete withdrawal" from the Fund within the meaning of ERISA Section 4203(a), 29 U.S.C. § 1383(a).  Higgs Dec. ¶ 8.

9.    The Fund's actuarial consultant, the Segal Company, calculated the withdrawal liability of the Defendant.  Higgs Dec. ¶ 9.

10.    By letter to Defendant dated June 21, 2006, the Fund Administrator notified Defendant of its withdrawal liability to the Fund in the amount of $372,472.00 and established a payment schedule for the payment of the withdrawal liability, with interest on that payment, as required by ERISA Section 4219, 29 U.S.C.1399.  Included with that letter was a copy of the spreadsheet containing the withdrawal liability computations, including the calculation of the monthly payment schedule.  A true and correct copy of that letter including the spreadsheet sent with the letter is attached to the Higgs Dec. as Exhibit A.  Higgs Dec. ¶ 10, Exhibit A.

11.    The payment schedule in the letter described above in paragraph 10, stated that Defendant was to pay $652.00 per month for 240 months resulting in a total payment of $127,761, the twenty-year repayment plan limit under ERISA Section 4219(c)(1)(B). The letter further provided that the first payment was due on July 16, 2006. *See* Higgs Dec. ¶ 11, Exhibit A.

12.    The letter described above in paragraphs 10 and 11 contained a typographical error where it explained Defendant's monthly payment amount.  The letter incorrectly stated that the Defendant's monthly payment amount was $652.00 per month for 240 months.  *See* Higgs Dec. ¶ 12, Exhibit A.  As the spreadsheet sent to the Defendant with the June 21, 2006 letter clearly showed, the correct amount of the

Defendant's monthly payment under the schedule is $987.00 per month for 240 months. *See* Higgs Dec. ¶ 13, Exhibit A, p. 3.

13.    Beginning on July 16, 2006, Defendant began making monthly payments in the amount of $652.00 per month. Higgs Dec. ¶ 14.

14.    By letter dated January 24, 2007, Fund Counsel notified Defendant's counsel of the error and informed him that the monthly payment amount should be $987.00 per month instead of $652.00. The letter requested Defendant's counsel to instruct Defendant to increase its monthly payments accordingly and to remit $1,956 (the additional amounts owed for the 6 prior months) with the January 2007 payment. *See* Declaration of Marc Rifkind, Esq. ("Rifkind Dec.") ¶ 2 and Exhibit A thereto.

15.    Defendant's attorneys sent Fund Counsel a responsive letter, dated February 7, 2007, in which Defendant requested:

> a detailed explanation from the Fund as to: (1) why it believes that an error was made; (2) how and when this alleged error was discovered; (3) the extent to which the Fund's new calculation of liability involves the exercise of discretion and/or assumptions of any kind; and (4) the authority on which the Fund relies to recalculate withdrawal liability and attempt to collect increased payments.

Rifkind Dec. ¶ 3, and Exhibit B thereto.

16.    By letter dated February 15, 2007, Fund Counsel replied to Defendant's counsel's letter and explained that:

> The National Shopmen Pension Fund office discovered that an error had been made in transposing the monthly payment amount form the spreadsheet, which calculated DISA's withdrawal liability payment schedule under ERISA Section 4219, to the Fund's June 26, 2006 notice to DISA of its withdrawal liability and the statutory payment schedule. A copy of that spreadsheet is enclosed. There has been no change, whatsoever, to the Fund's calculation of DISA's underlying withdrawal liability.

4

Rifkind Dec. ¶ 4, and Exhibit C thereto.

17.     Defendant requested arbitration regarding the withdrawal liability assessment and that arbitration is currently pending, but Defendant has continued to pay only $652.00 per month. Higgs Dec. ¶ 15.

18.     Through May 2008, the amount of the underpayment resulting from Defendant paying $652.00 per month instead of $978.00 per month is $7,498.00.  Higgs Dec. ¶ 16, and Exhibit B attached thereto.

19.     Accordingly, through May 2008, Defendant owes the Fund $7,498.00 in delinquent withdrawal liability payments, $3,519.51 in accrued interest (calculated at the rate prescribed by Section 6621 of the Internal revenue Code), and liquidated damages in the amount of $1,499.60.  Higgs Dec. ¶ 17, and Exhibit B attached thereto.

Respectfully submitted,

/s/ Marc Rifkind

_____
Marc Rifkind, Esq. (D.C. Bar No. 416183)
Jeffrey S. Swyers (D.C. Bar No. 454290)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC   20036
202-797-8700  (Telephone)
202-234-8231  (Facsimile)

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                          )
NATIONAL SHOPMEN PENSION                  )
FUND, et al.                              )
                        Plaintiffs,       )
            v.                            )
                                          )    Civil Action No. 08-CV-0132 (RCL)
GEORG FISCHER DISA d/b/a                  )
DISA INDUSTRIES, INC.,                    )
                                          )
                        Defendant.        )
                                          )
_____)

**PLAINTIFFS' STATEMENT OF POINTS AND AUTHORITIES**
**IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, the National Shopmen Pension Fund and its Board of Trustees (hereinafter the "Fund"), hereby submit the following Statement of Points and Authorities in Support of Their Motion for Summary Judgment.

**INTRODUCTION AND FACTS**

This case is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 et seq. (1982). The Fund, a multiemployer pension fund, is seeking a judgment in its favor that Defendant is liable to the Fund for delinquent monthly withdrawal liability payments. Under ERISA Sections 502, 515, 4221(d) and 4301(b), 29 U.S.C. §§ 1132, 1145, 1401(d), and 1451(b), the Fund also seeks interest on the delinquent amount at the rate prescribed by Section 6621 of the Internal Revenue Code, liquidated damages equal to 20% of the delinquent amount, and its reasonable attorneys' fees and costs.

In this case, Defendant simply refuses to pay the correct amount of its monthly withdrawal liability payments. After Defendant's withdrawal from the Fund, by letter dated June 21, 2006, the Fund notified Defendant of its withdrawal liability in the amount of $373,472.00. Statement of Undisputed Material Facts In Support of Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Facts") ¶ 10. A true and correct copy of that letter is attached as Exhibit A to the Declaration of A.H. Higgs ("Higgs Dec.") filed concurrently herewith. In that letter, the Fund stated that Defendant was to pay its withdrawal liability by making payments of $652.00 per month for 240 months, which is the 20-year repayment limit under ERISA Section 4219(c)(1)(B), and that Defendant's first monthly payment was due on July 16, 2006. Plaintiffs' Facts ¶ 11, Higgs Dec., Exhibit A. Included with the letter was a spreadsheet, detailing the withdrawal liability computations, including the calculation of the monthly payment schedule. Plaintiffs' Facts ¶ 10, Higgs Dec., Exhibit A. Defendant began making its monthly payments on July 16, 2006, paying $652.00 per month. Plaintiffs' Facts ¶ 13.

The letter contained a typographical error regarding Defendant's monthly payment amount. Plaintiffs' Facts ¶ 12. The letter incorrectly stated that Defendant's monthly payment amount was $652.00 per month for 240 months. *Id.* However, as the spreadsheet sent to Defendant with the letter clearly showed, the correct amount of Defendant's monthly payment under the schedule is $987.00 per month for 240 months. *Id.*, Higgs Dec., Exhibit A, p. 3. By letter dated January 24, 2007, Fund Counsel sent Defendant's counsel a letter in which he notified Defendant's counsel of the error and informed him that the monthly payment amount should be $987.00 per month instead of $652.00 per month. Plaintiffs' Facts ¶ 14, Exhibit A to the Declaration of Marc Rifkind,

Esq. ("Rifkind Dec."). In that letter, Fund Counsel requested Defendant's counsel to instruct Defendant to increase its monthly payments accordingly and remit $1,956 (the additional amounts owed for the 6 prior months) with its January 2007 payment. *Id.*

Defendant's attorneys responded to Fund Counsel's letter by requesting, inter alia, a detailed explanation of the error, and information regarding the extent to which the Fund's "new calculation" involved the exercise of discretion and/or assumptions of any kind. Plaintiffs' Facts ¶ 15, Rifkind Dec., Exhibit B. Fund Counsel then replied to Defendant's counsel's letter and gave the following explanation:

> The National Shopmen Pension Fund office discovered that an error had been made in transposing the monthly payment amount form the spreadsheet, which calculated DISA's withdrawal liability payment schedule under ERISA Section 4219, to the Fund's June 26, 2006 notice to DISA of its withdrawal liability and the statutory payment schedule. A copy of that spreadsheet is enclosed. There has been no change, whatsoever, to the Fund's calculation of DISA's underlying withdrawal liability.

Plaintiffs' Facts ¶ 16, Rifkind Dec. Exhibit C.

Defendant subsequently requested arbitration regarding the withdrawal liability assessment, and that arbitration is currently pending. Plaintiffs' Facts ¶ 17. In the meantime, Defendant has continued to pay only $652.00 per month. *Id.*

Through May 2008, the amount of the underpayment resulting from Defendant paying $652.00 per month instead of $978.00 per month is $7,498.00. Plaintiffs' Facts ¶ 18. Accordingly, through May 2008, Defendant owes the Fund $7,498.00 in delinquent withdrawal liability payments, $3,519.51 in accrued interest at the rate prescribed by Section 6621 of the Internal Revenue Code, and liquidated damages in the amount of $1,499.60, plus the Fund's reasonable attorneys' and costs. Plaintiffs' Facts ¶ 19.

**STANDARD OF REVIEW**

Under Fed.R.Civ.P. 56, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. *Flynn v. Interior Finishes, Inc*., 425 F.Supp.2d 38, 43 (D.D.C. 2006).

**ARGUMENT AND AUTHORITIES**

A.    **Defendant must make the correct monthly payments, and is therefore liable to the Fund for the delinquent monthly payment amounts.**

(1)    **ERISA's pay now, arbitrate later rule.**

Section 4219(c)(2) of ERISA provides:

> withdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor . . . beginning no later than 60 days after the date of the demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule.

29 U.S.C. § 1399(c)(2); *Connors v. Brady-Cline Coal Company*, 668 F. Supp. 5, 7 (D. D.C. 1987). It is well settled that the employer must make the assessed withdrawal payments pending arbitration of any dispute over the liability determinations. *Id*.; *See e.g., Connors v. Calvert Development Company*, 662 F. Supp. 877 (D.D.C. 1985); *I.A.M. National Pension Fund Benefit Plan v. Dravo Corporation*, 641 F. Supp. 50 (D.D.C. 1985). This includes <u>any</u> dispute over the payment schedule as well. The statute is clear that the withdrawal liability demanded shall be paid notwithstanding any request for review or appeal of determinations regarding the "schedule." 29 U.S.C. § 1399(c)(2).

Although, some courts have recognized a narrow exception to the "pay now, arbitrate later" interim payment rule where making the interim payments would

irreparably harm the employer, *See e.g. Trustees of the Chicago Truck Drivers, Helpers & Warehouse Union Pension Fund v. Rentar Indus., Inc.*, 951 F.2d 152, 154-55 (7th Cir. 1991), the courts in this circuit do not recognize any exception. *See Connors*, 668 F. Supp. at 8-9.  In fact, the D.C. Circuit Court of Appeals has recognized that while requiring an employer to make interim withdrawal liability payments does not result in irreparable harm to the employer, refusing to require the interim withdrawal liability payments almost certainly would result in irreparable harm to a pension fund. *See I.A.M. National Pension Benefit Plan A v. Cooper Industries, Inc.*, 789 F.2d 21, 25 (D.C. Cir. 1986).

Here Defendant does not even allege any irreparable harm.  It simply refuses to pay the correct amount.  There is no legal basis for Defendant's unreasonable refusal.

**(2)    Defendant is required to pay the $978.00 per month demanded by the Fund.**

Pursuant to ERISA Section 4219(c)(2), Defendant must make payments "…in accordance with the schedule set forth by the plan sponsor…" 29 U.S.C. § 1399(c)(2). As is clear from the Fund's June 21, 2006 notice of withdrawal liability, and the spreadsheet included with the letter, the schedule set forth by the Fund was a schedule to pay withdrawal liability in the amount of $372,472.00 in monthly installments with interest at an annual rate of 7.5% for a 20-year period, which is the maximum period allowed under ERISA to amortize the liability.  Higgs Dec., Exhibit A.  As clearly shown in the spreadsheet sent to Defendant along with the letter, the particular payment schedule established by the Fund (payment of a withdrawal liability of $372,472.00 over 240 months) requires monthly payments in the amount of $978.00 per month.  Higgs Dec., Exhibit A.

The spreadsheet sent to Defendant along with the June 21, 2006 notice states:

*(a)*      *Employer*    …………………    *George Fisher Disa Inc.*

*(b)*      *Date of withdrawal*    …………………    *December 31, 2001*

*(c)*      *Value of vested benefits*    ………………    *$436,784.00*

*(d)*      *Allocated assets*    ………………………...    *$64,312.00*

*(e)*      *Withdrawal liability = (c) – (d)*    …………..    *$372,472.00*

*(f)*      *Deductible*    ………………………………...    *$0.00*

*(g)*      *Amount to amortize*    ……………………    *$372,472.00*

  \*      \*      \*

*(n)*      *Number of years for value (m)*      *20*

  \*      \*      \*

*(t)*      <u>*Adjusted monthly payment*</u> *= (s)/2.98201*      *$978*

\*      \*      \*

*Employer payment schedule:*

    *$987 per month for*    *240 months plus a final payment    0 ….*

Higgs Dec., Exhibit A, p. 3.

This is the schedule selected by the Fund, and this information was sent with the Fund's notice and demand. To the extent that the typographical error in the letter caused any confusion, Fund Counsel's letters to Defendant's Counsel made it clear that $978 was the proper monthly payment amount under the 240 month schedule established by the Fund. As recognized by the D.C. Circuit Court of Appeals, there is a strong Congressional policy behind a pension fund's receipt of interim withdrawal liability payments, and the denial of such constitutes irreparable harm to the fund. *Cooper*

*Industries,* 789 F. 2d at 25.   There is simply no question of material fact that as a matter

of law Defendant is required to pay the $978.00 per month demanded by the Fund.

**B.      In addition to the delinquent withdrawal liability payments, Defendant is liable to the Fund for interest on the delinquent amounts, liquidated damages, and the Fund's reasonable attorneys' fees and costs**.

ERISA § 502(g)(2), 29 U.S.C. § 1332(g)(2), requires delinquent employers, such

as Defendant, to pay, in addition to the delinquent amounts, accrued interest, liquidated

damages, and attorneys' fees and costs.   Specifically, Section 502(g)(2) provides that:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 U.S.C. § 1145] in which a judgment in favor of the plan is awarded, the court **shall** award the plan -
>
> (A)     the unpaid contributions,
>
> (B)     interest paid on the unpaid contributions,
>
> (C)     an amount equal to the greater of:
>
>> (i)      interest on unpaid contributions, or
>>
>> (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),
>
> (D)     reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
>
> (E)     such other legal or equitable relief as the court deems appropriate.   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

29 U.S.C. § 1332(g). (emphasis added).  For purposes of this section, the failure to make withdrawal liability payments is treated as a delinquent contribution within the meaning of Section 1145.  29 U.S.C. § 1451(b).  *Connors*, 668 F. Supp. at 10.  The language of ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) is mandatory. *Id*.

Through May 2008, the amount of the underpayment resulting from Defendant paying $652.00 per month instead of $978.00 per month is $7,498.00.  Plaintiffs' Facts ¶ 18.  Accordingly, through May 2008, Defendant owes the Fund $7,498.00 in delinquent withdrawal liability payments, $3,519.51 in accrued interest (determined at the rate prescribed by Section 6621 of the Internal Revenue Code), and liquidated damages in the amount of $1,499.60, plus the Fund's reasonable attorneys' and costs.[1] Plaintiffs' Facts ¶ 20.

## CONCLUSION

There is no question of material fact that, as a matter of law, Defendant is required to make interim withdrawal liability payments to the Fund in the amount of $987.00 per month.  Therefore, the Fund is entitled to summary judgment in its favor and against Defendant in the amount of $7,498.00 in delinquent withdrawal liability payments through May, 2008, $3,519.51 in accrued interest at the rate prescribed by Section 6621 of the Internal Revenue Code, and liquidated damages in the amount of $1,499.60, plus the Fund's reasonable attorneys' and costs and any amounts that become due and owing prior to the entry of judgment in this case.

---

[1] Upon an award of judgment in this case, the Fund will submit proper documentation detailing their reasonable attorneys' fees and costs.

Respectfully submitted,

/s/ Marc Rifkind

_____
Marc Rifkind, Esq. (D.C. Bar No. 416183)
Jeffrey S. Swyers (D.C. Bar No. 454290)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, DC   20036
202-797-8700  (Telephone)
202-234-8231  (Facsimile)

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL SHOPMEN PENSION FUND, et al. | ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| GEORG FISCHER DISA d/b/a DISA INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 08-CV-0132 (RCL)

## DECLARATION OF A.H. HIGGS, JR.

I, A.H. Higgs, Jr., pursuant to 28 U.S.C. § 1746, declare:

1.      The information contained in this Declaration is based upon my personal knowledge and information.  If called as a witness, I will testify to such facts.

2.      I am employed by the National Shopmen Pension Fund (the "Fund") as the Fund Administrator.

3.      I work under the direction of the Fund's Board of Trustees.

4.      The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c).  Its purpose is to provide pension, retirement, and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with affiliated Shopmen's Local Unions of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO.

1

5.     The Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments of 1980, 29 U.S.C. §§ 1001 et seq. ("ERISA").

6.     The individual Plaintiff Trustees are "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are collectively the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

7.     The Trustees administer the Fund at 1750 New York Avenue, N.W., Washington, D.C. 20006-5301.

8.     The Fund made a determination that on or about December 2001, the Defendant, Georg Fisher Disa, Inc. d/b/a Disa Industries, Inc. ("Defendant") effected a "complete withdrawal" from the Fund within the meaning of ERISA Section 4203(a), 29 U.S.C. § 1383(a).

9.     The Fund's actuarial consultant, the Segal Company, calculated the withdrawal liability of the Defendant.

10.     By letter to Defendant dated June 21, 2006, the Fund notified Defendant of its withdrawal liability to the Fund in the amount of $372,472.00 and established a payment schedule for the payment of the withdrawal liability, with interest on that payment, as required by ERISA Section 4219, 29 U.S.C.1399. Included with that letter was a copy of the spreadsheet containing the withdrawal liability computations, including the calculation of the monthly payment schedule. A true and correct copy of that letter including the spreadsheet sent with the letter is attached hereto as Exhibit A.

2

11.    The payment schedule in the letter described above in paragraph 10, stated that Defendant was to pay $652.00 per month for 240 months resulting in a total payment of $127,761, the twenty-year repayment plan limit under ERISA Section 4219(c)(1)(B). The letter further provided that the first payment was due on July 16, 2006.

12.    However, the letter contained a typographical error where it explained Defendant's monthly payment amount.  The letter incorrectly stated that the Defendant's monthly payment amount was $652.00 per month for 240 months. *See* Exhibit A, attached hereto.

13.    As the spreadsheet sent to the Defendant with the June 21, 2006 letter clearly shows, the correct amount of the Defendant's monthly payment under the schedule is $987.00 per month for 240 months. *See* Exhibit A, p. 3, attached hereto.

14.    Beginning on July 16, 2006, Defendant began making monthly payments in the amount of $652.00 per month

15.    Defendant requested arbitration regarding the withdrawal liability assessment and that arbitration is currently pending, but but Defendant has continued to pay only $652.00 per month.

16.    Through May 2008, the amount of the underpayment resulting from Defendant paying $652.00 per month instead of $978.00 per month is $7,498.00.  *See* Exhibit B attached thereto.

17.    Accordingly, through May 2008, Defendant owes the Fund $7,498.00 in delinquent withdrawal liability payments, $3,519.51 in accrued interest (calculated at the rate prescribed by Section 6621 of the Internal Revenue Code), and liquidated damages in the amount of $1,499.60.  See Exhibit B attached thereto.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of May, 2008, at Washington, D.C.

_____
A.H. HIGGS, JR.

 **National Shopmen Pension Fund**

Suite 401 • 1750 New York Avenue, N.W. Washington, D.C. 20006-5301
Telephone No: (202) 383-4874 • Fax No. (202) 628-6469

**VIA CERTIFIED MAIL**

June 21, 2006

Disa, Inc.
80 Kendall Point Drive
Oswego, IL 60543

Re: Withdrawal Liability Determination and Demand for Payment:
     George Fisher Disa, Inc. , Employer No. 598,SLU No. 508

Dear Sir or Madam:

The Trustees of the National Shopmen Pension Fund (hereafter "Fund") hereby notify you of George Fischer Disa, Inc.'s withdrawal liability to the Fund and demand payment thereof. The Fund's records indicate that Georg Fischer Disa, Inc. withdrew from the Fund as of December 2001.

The Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, requires that withdrawal liability be assessed against contributing employers who withdraw from the Fund after September 26, 1980 (29 U.S.C. Section 1381). Withdrawal liability is determined by allocating a portion of the Fund's unfunded vested benefits ("UVBs") to the withdrawing employer pursuant to one of the methods authorized by ERISA. The method adopted by the Trustees of the Fund is the "attributable rule". A withdrawn employer's liability under the attributable rule is the sum of: (1) the difference between the UVBs of its employees and its allocated share of the Fund's assets; and (2) a proportional share of the Fund's UVBs that are not allocated to any contributing employer. The Trustees of the Fund have directed the Fund's actuaries, The Segal Company, to calculate Georg Fischer Disa, Inc.'s withdrawal liability. The amount of the liability has been determined to be $372,472.00. A copy of their assumptions used in this calculation is enclosed.

ERISA requires the Trustees to establish a schedule for the payment of withdrawal liability. Annual payments are based on a statutory formula and are to be paid in equal monthly installments (with interest at an annual rate of 7.5%) over a period of years necessary to amortize the liability. Georg Fischer Disa, Inc.'s repayment schedule, therefore, is as follows: Employer is to pay $652.00 per month for 240 months. The Fund hereby demands that you begin payment in accordance with the schedule no later than July 16, 2006. This repayment schedule will result in a total payment of only $127,761 of the full withdrawal liability. ERISA Section 4219 (c)(1)(B) limits the liability f the company to a twenty-year repayment plan. Accordingly, your company is not obligated to pay the full amount of the liability.

Document #: 53658



Georg Fischer Disa, Inc.
June 21, 2006
Page 2

You may, if you wish, pay the entire amount due, without penalty.  Payments must be made notwithstanding any request for review of the withdrawal liability.

A withdrawn employer may, no later than 90 days after receipt of this letter, request a review of the determination, identify any inaccuracy in the Fund's determination of withdrawal liability which may exist, or furnish additional relevant information.

This letter constitutes notice of the withdrawal liability to Georg Fischer Disa, Inc. and all groups of trades or businesses under common control or common ownership with Georg Fischer Disa, Inc.. The Fund hereby demands that you provide within 30 days the names, addresses, and officer names of any and all corporations, companies or entities within the common control group of Georg Fischer Disa, Inc. or under common ownership of the stockholders of Georg Fischer Disa, Inc.. Georg Fischer Disa, Inc. is required to provide this information to the Fund within 30 days by 29 U.S.C. Section 1399.

If the Fund is required to bring suit to collect withdrawal liability, the withdrawn employer also becomes liable for interest, liquidated damages (in the amount of 20% of the amount due), and all costs of collection, including attorneys' fees.

We trust that payments will begin as scheduled.  If you have any questions about this matter, do not hesitate to contact the Fund Office.

Sincerely,

A.H. Higgs, Jr.
Administrator

AHH/nd
Enclosure
cc:  Marc Rifkind, Fund Counsel
     SLU #508

Document #: 53858

**NATIONAL SHOPMEN PENSION FUND**

**Withdrawal Liability for Withdrawals 7/1/2001 through 6/30/2002**

| | | | |
|---|---|---|---|
| (a) | Employer | ................................................................................... | Georg Fisher Disa Inc. |
| (b) | Date of withdrawal | ................................................................................... | December 31, 2001 |
| (c) | Value of vested benefits | ................................................................................... | $436,784.00 |
| (d) | Allocated assets | ................................................................................... | $64,312.00 |
| (e) | Withdrawal liability = (c) - (d) | ................................................................................... | $372,472.00 |
| (f) | Deductible | ................................................................................... | $0.00 |
| (g) | Amount to amortize | ................................................................................... | $372,472.00 |

(h)  Hours of contributions, fiscal years ended 6/30:

| 1992 | 0.00 | 1995 | 0.00 | 1998 | 0.00 | 2001 | 52,856.00 |
|---|---|---|---|---|---|---|---|
| 1993 | 0.00 | 1996 | 0.00 | 1999 | 0.00 | | |
| 1994 | 0.00 | 1997 | 0.00 | 2000 | 40,408.00 | | |

| | | |
|---|---|---|
| (i) | Highest consecutive three-year average hours | 46,632 |
| (j) | Highest contribution rate prior to termination | $0.25 |
| (k) | Required annual payment = (i) X (j) | $11,658.00 |
| (l) | Amortization ratio = g/k =Number of Years | 31.949906 |
| (m) | Largest value in Table Column I which is less and (l) | **10.959078** |
| (n) | Number of years for value (m) | **20** |
| (o) | Amount amortized in (n) years = (k) x (m) | $127,761 |
| (p) | Amount left to amortize = (g) - (o) | $244,711 |
| (q) | Table Column II value for (n) years | **4.247851** |
| (r) | Amount ot amortize in the final year = (p) X (q): | |
| | show 0 if (n) = 20 | 0 |
| (s) | Quarterly payment = (k) divided by 4 | $2,915 |
| (t) | Adjusted monthly payment = (s)/2.98201 | $978 |
| (u) | Full quarters to pay in final year = (r)/(s), truncate | |
| | the result (integers only) | 0 |
| (v) | Amount to pay in final quarter (r) - [(u) X (s)] | 0 |
| (w) | Full monthly payments in final quarter = (v)/(t), | 0.00000 |
| | truncate the result (integers only) | 0 |
| (x) | Number of full montly payments = [12 x (n)] + [3 x (u)] + (w) | 240 |
| (y) | Final payment = v - [(w) x (t)] | $0.00 |

Employer payment schedule:

| | | | | | |
|---|---|---|---|---|---|
| $978 per month for | 240 months plus a | final payment | 0 | $234,720.00 | 234720.00 |

Note: Monthly payments are adjusted for interest to be equivalent to quarterly payments (PBCG letter ruling 85-18).

Principle payment based on Total payout

| | | |
|---|---|---|
| | $81,620.00 | |
| | $122,159.98 | $64,233.58 |

DM105374

# DISA INDUSTRIES, INC.

Schedule of Amounts Due for the Period July 2006 through May 2008

Prepared on 5/27/08

*Interest at the rate of 6% per annum and calculated through May 31, 2008
*liqui ated damages at the rate of 20% of the delinquent balance
*Employer payment schedule; $978 per month for 240 months; total $234,720.00

| Payment Number | Month | Adjusted Monthly Payment Amount | Amount Paid | Balance Owed | Due Date | Date Paid or Date of Calculation | Interest Rate | Accrued Interest | Liquidated Damages Rate | Liquidated Damages | Subtotal Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Jul-06 | $978.00 | $652.00 | $326.00 | 7/16/2006 | 5/31/2008 | 6% | $36.71 | 20% | $65.20 | $427.91 |
| 2 | Aug-06 | $978.00 | $652.00 | $652.00 | 8/16/2006 | 5/31/2008 | 6% | $106.80 | 20% | $130.40 | $889.20 |
| 3 | Sep-06 | $978.00 | $652.00 | $978.00 | 9/16/2006 | 5/31/2008 | 6% | $206.96 | 20% | $195.60 | $1,380.56 |
| 4 | Oct-06 | $978.00 | $652.00 | $1,304.00 | 10/16/2006 | 5/31/2008 | 6% | $334.07 | 20% | $260.80 | $1,898.87 |
| 5 | Nov-06 | $978.00 | $652.00 | $1,630.00 | 11/16/2006 | 5/31/2008 | 6% | $484.66 | 20% | $326.00 | $2,440.66 |
| 6 | Dec-06 | $978.00 | $652.00 | $1,956.00 | 12/16/2006 | 5/31/2008 | 6% | $655.72 | 20% | $391.20 | $3,002.92 |
| 7 | Jan-07 | $978.00 | $652.00 | $2,282.00 | 1/16/2007 | 5/31/2008 | 6% | $843.85 | 20% | $456.40 | $3,582.05 |
| 8 | Feb-07 | $978.00 | $652.00 | $2,608.00 | 2/16/2007 | 5/31/2008 | 6% | $1,045.15 | 20% | $521.60 | $4,174.75 |
| 9 | Mar-07 | $978.00 | $652.00 | $2,934.00 | 3/16/2007 | 5/31/2008 | 6% | $1,258.32 | 20% | $586.80 | $4,779.12 |
| 10 | Apr-07 | $978.00 | $652.00 | $3,260.00 | 4/16/2007 | 5/31/2008 | 6% | $1,478.58 | 20% | $652.00 | $5,390.58 |
| 11 | May-07 | $978.00 | $652.00 | $3,586.00 | 5/16/2007 | 5/31/2008 | 6% | $1,703.17 | 20% | $717.20 | $6,006.37 |
| 12 | Jun-07 | $978.00 | $652.00 | $3,912.00 | 6/16/2007 | 5/31/2008 | 6% | $1,928.24 | 20% | $782.40 | $6,622.64 |
| 13 | Jul-07 | $978.00 | $652.00 | $4,238.00 | 7/16/2007 | 5/31/2008 | 6% | $2,151.17 | 20% | $847.60 | $7,236.77 |
| 14 | Aug-07 | $978.00 | $652.00 | $4,564.00 | 8/16/2007 | 5/31/2008 | 6% | $2,367.99 | 20% | $912.80 | $7,844.79 |
| 15 | Sep-07 | $978.00 | $652.00 | $4,890.00 | 9/16/2007 | 5/31/2008 | 6% | $2,575.38 | 20% | $978.00 | $8,443.38 |
| 16 | Oct-07 | $978.00 | $652.00 | $5,216.00 | 10/16/2007 | 5/31/2008 | 6% | $2,770.87 | 20% | $1,043.20 | $9,030.07 |
| 17 | Nov-07 | $978.00 | $652.00 | $5,542.00 | 11/16/2007 | 5/31/2008 | 6% | $2,950.34 | 20% | $1,108.40 | $9,600.74 |
| 18 | Dec-07 | $978.00 | $652.00 | $5,868.00 | 12/16/2007 | 5/31/2008 | 6% | $3,111.43 | 20% | $1,173.60 | $10,153.03 |
| 19 | Jan-08 | $978.00 | $652.00 | $6,194.00 | 1/16/2008 | 5/31/2008 | 6% | $3,249.91 | 20% | $1,238.80 | $10,682.71 |
| 20 | Feb-08 | $978.00 | $652.00 | $6,520.00 | 2/16/2008 | 5/31/2008 | 6% | $3,362.44 | 20% | $1,304.00 | $11,186.44 |
| 21 | Mar-08 | $978.00 | $652.00 | $6,846.00 | 3/16/2008 | 5/31/2008 | 6% | $3,447.97 | 20% | $1,369.20 | $11,663.17 |
| 22 | Apr-08 | $978.00 | $652.00 | $7,172.00 | 4/16/2008 | 5/31/2008 | 6% | $3,501.03 | 20% | $1,434.40 | $12,107.43 |
| 23 | May-08 | $978.00 | $652.00 | $7,498.00 | 5/16/2008 | 5/31/2008 | 6% | $3,519.51 | 20% | $1,499.60 | $12,517.11 |
| | | $22,494.00 | $14,996.00 | $7,498.00 | | | | $3,519.51 | | $1,499.60 | $12,517.11 |

Total amount due = $12,517.11

tabbies
EXHIBIT
B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL SHOPMEN PENSION FUND, et al. | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No. 08-CV-0132 (RCL) |
| GEORG FISCHER DISA d/b/a DISA INDUSTRIES, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF MARC H. RIFKIND, ESQ.

I, Marc H. Rifkind, pursuant to 28 U.S.C. § 1746, declare:

1.      I am Fund Counsel for the National Shopmen Pension Fund (the "Fund").

2.      By letter dated January 24, 2007, I notified counsel for Georg Fisher Disa d/b/a Disa Industries, Inc. ("Defendant") that Defendant's monthly withdrawal liability payment amount should be $978.00, instead of $652.00, and requested Defendant's counsel to instruct Defendant to increase its monthly payments accordingly and to remit $1,956 (the additional amounts owed for the 6 prior months) with the January 2007 payment. A true and correct copy of this letter is attached hereto as Exhibit A.

3.      Defendants attorneys sent me a letter in response, dated February 7, 2007, which requested:

> a detailed explanation from the Fund as to: (1) why it believes that an error was made; (2) how and when this alleged error was discovered; (3) the extent to which the Fund's new calculation of liability involves the exercise of discretion and/or assumptions of any kind; and (4) the authority on which the Fund relies to

1

recalculate withdrawal liability and attempt to collect increased payments.

A true and correct copy of this letter is attached hereto as Exhibit B.

4.     By letter dated February 15, 2007, I replied to Defendant's counsel's letter and explained that:

> The National Shopmen Pension Fund office discovered that an error had been made in transposing the monthly payment amount form the spreadsheet, which calculated DISA's withdrawal liability payment schedule under ERISA Section 4219, to the Fund's June 26, 2006 notice to DISA of its withdrawal liability and the statutory payment schedule. A copy of that spreadsheet is enclosed. There has been no change, whatsoever, to the Fund's calculation of DISA's underlying withdrawal liability.

A true and correct copy of this letter is attached hereto as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of May, 2008, at Washington, D.C.

MARC H. RIFKIND, ESQ.

# SLEVIN & HART, P.C.

Attorneys at Law
1625 Massachusetts Avenue, N.W., Suite 450
Washington, D.C. 20036
(202) 797-8700
Fax (202) 234-8231

MARC RIFKIND
Member of the Firm

Writer's Direct Dial:  (202) 797-2203
Mrifkind@slevinhart.com

January 24, 2007

Gregory Malovance
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Re:    DISA Industries, Inc – Withdrawal Liability Assessment

Dear Mr. Malovance:

The National Shopmen Pension Fund has determined that it made error in calculating DISA, Industries, Inc.'s withdrawal liability payment schedule. The monthly amount should be $978.00, instead of $652.00.  A copy of the Fund's calculations is attached.

As of this date, the Fund has  have received six payments from Disa Holding Corp totaling $3,912.00.  Please instruct your client to increase its monthly payments accordingly and to remit with the January 2007, the additional $1,956 owed for the 6 prior months.

Sincerely,

Marc Rifkind

MHR:msj:150.206

Enclosures

cc:    A.H. Higgs, Jr., Administrator
Natalie Duritsa

28501

EXHIBIT

A

# WINSTON & STRAWN LLP

RECEIVED FEB 0 9 2007

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | (312) 558-5600 | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE |
| 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | FACSIMILE (312) 558-5700 | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |
| | www.winston.com | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

GREGORY J. MALOVANCE
(312) 558-5892
gmalovance@winston.com

February 7, 2007

Marc Rifkind
Slevin & Hart, P.C.
Attorneys at Law
1625 Massachusetts Avenue, N.W., Suite 450
Washington, D.C. 20036

Re:    **DISA Industries, Inc. – Withdrawal Liability Assessment**

Dear Marc:

Thank you for your letter dated 24 January, 2007 in which you inform me that the National Shopmen Pension Fund claims to have made an error in calculating DISA's withdrawal liability. However, all I received was the letter, itself, with no attachments. Please send me a copy of the Fund's calculations as you originally intended.

In addition, please provide me with a detailed explanation from the Fund as to: (1) why it believes that an error was made; (2) how and when this alleged error was discovered; (3) the extent to which the Fund's new calculation of liability involves the exercise of discretion and/or assumptions of any kind; and (4) the authority on which the Fund relies to recalculate withdrawal liability and attempt to collect increased payments. Finally, please provide me with copies of all documents relied upon in any way by the Fund in making both the initial and revised calculation of liability.

Once we have received this information, we will be able to evaluate the Fund's assertion that an error was made and that the Fund is entitled to request additional payments after making its initial determination of liability. Let me know if you have any questions.

Sincerely,

Gregory J. Malovance

cc:    Randall A. Miller
GJM:lft

**EXHIBIT**

**B**

## SLEVIN & HART, P.C.

Attorneys at Law
1625 Massachusetts Avenue, N.W., Suite 450
Washington, D.C. 20036
(202) 797-8700
Fax (202) 234-8231
⊛⊷⊜⊷21

MARC RIFKIND
Member of the Firm

Writer's Direct Dial: (202) 797-2203
Mrifkind@slevinhart.com

February 15, 2007

Gregory Malovance
Winston & Strawn, LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

      Re:    DISA Industries, Inc – Withdrawal Liability Assessment

Dear Mr. Malovance:

      This letter responds to yours dated February 7, 2007.  The National Shopmen Pension Fund office discovered that an error had been made in transposing the monthly payment amount from the spreadsheet, which calculated DISA's withdrawal liability payment schedule under ERISA Section 4219, to the Fund's June 26, 2006 notice to DISA of its withdrawal liability and the statutory payment schedule. A copy of that spreadsheet is enclosed.  There has been no change, whatsoever, to the Fund's calculation of DISA's underlying withdrawal liability.

      Sincerely,

      Marc Rifkind

MHR:msj:150.206

Enclosure

cc:    A.H. Higgs, Jr., Administrator
      Natalie Duritsa

33730

**EXHIBIT**

C

NATIONAL SHOPMEN PENSION FUND

Withdrawal Liability for Withdrawals 7/1/2001 through 6/30/2002

| | | |
|---|---|---|
| (a) | Employer ........................................................................... | Georg Fisher Disa Inc. |
| (b) | Date of withdrawal ............................................................ | December 31, 2001 |
| (c) | Value of vested benefits ................................................. | $436,784.00 |
| (d) | Allocated assets .............................................................. | $64,312.00 |
| (e) | Withdrawal liability =  (c) - (d) ........................................ | $372,472.00 |
| (f) | Deductible ......................................................................... | $0.00 |
| (g) | Amount to amortize .......................................................... | $372,472.00 |

(h)    Hours of contributions, fiscal years ended 6/30:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1992 | 0.00 | 1995 | 0.00 | 1998 | 0.00 | 2001 | $2,896.00 |
| 1993 | 0.00 | 1996 | 0.00 | 1999 | 0.00 | | |
| 1994 | 0.00 | 1997 | 0.00 | 2000 | 40,406.00 | | |

| | | |
|---|---|---|
| (i) | Highest consecutive three-year average hours | 46,632 |
| (j) | Highest contribution rate prior to termination | $0.25 |
| (k) | Required annual payment = (i) X (j) | $11,658.00 |
| (l) | Amortization ratio = g/k =Number of Years | 31.949906 |
| (m) | Largest value in Table Column I which is less and (l) | 10.959078 |
| (n) | Number of years for value (m) | 20 |
| (o) | Amount amortized in (n) years = (k) x (m) | $127,761 |
| (p) | Amount left to amortize = (g) - (o) | $244,711 |
| (q) | Table Column II value for (n) years | 4.247851 |
| (r) | Amount ot amortize in the final year = (p) X (q): | 0 |
| | show 0 if (n) = 20 | |
| (s) | Quarterly payment = (k) divided by 4 | $2,915 |
| (t) | Adjusted monthly payment = (s)/2.98201 | $978 |
| (u) | Full quarters to pay in final year = (r)/(s), truncate | |
| | the result (integers only) | 0 |
| (v) | Amount to pay in final quarter (r) - [(u) X (s)] | 0 |
| (w) | Full monthly payments in final quarter = (v)/(t), | 0.00000 |
| | truncate the result (integers only) | 0 |
| (x) | Number of full montly payments = [12 x (n)] + [3 x (u)] + (w) | 240 |
| (y) | Final payment = v - [(w) x (t)] | $0.00 |

Employer payment schedule:

| | | | | |
|---|---|---|---|---|
| $978 per month for | 240 months plus a | final payment | 0 | $234,720.00 | 234720.00 |

Note:  Monthly payments are adjusted for interest to be equivalent to quarterly payments (PBCG letter ruling 85-18).

Principle payment based on Total payout

| | |
|---|---|
| | $81,620.00 |
| | $122,159.98 | $64,233.58 |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

NATIONAL SHOPMEN PENSION )
FUND, et al. )
               Plaintiffs, )
       v. )
                       )    Civil Action No. 08-CV-0132 (RCL)
GEORG FISCHER DISA d/b/a )
DISA INDUSTRIES, INC., )
                )
               Defendant. )
                       )
_____)

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

     Upon consideration of Plaintiffs', the National Shopmen Pension Fund and its Board of Trustees (hereinafter the "Fund"), Motion for Summary Judgment against the Defendant, Georg Fischer Disa d/b/a Disa Industries, Inc. ("Defendant")  It is HEREBY ORDERED that said motion is GRANTED.

     IT IS FURTHER ORDERED that judgment be entered in favor of the Fund and against Defendant in the amount of $7,498.00 for delinquent monthly withdrawal liability payments owed to the Fund through May, 2008, prejudgment interest in the amount of $3,519.51, liquidated damages in the amount of $1,499.60, the Fund's reasonable attorneys fees and costs of this action, plus any amounts that have become due and owing prior to the entry of judgment in this case.

     SO ORDERED this _____ day of _____, 2008.


                           _____
                           ROYCE C. LAMBERTH
                           United States District Judge